UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TENOR D. ICKES,<br><br>        Plaintiff,<br><br>        v.<br><br>UNIVERSITY OF CALIFORNIA COLLEGE OF THE LAW, SAN FRANCISCO,<br><br>        Defendant. | Case No. 25-cv-05859-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE**<br><br>Docket No. 38 |

Currently pending before the Court is Mr. Ickes' motion to set aside. The Court finds this matter suitable for resolution without oral argument. Mr. Ickes's request for relief is **DENIED**.

In his opening brief, Mr. Ickes moved to set aside a Court order. The order at issue was one that approved a stipulation between the parties, giving UC Law a 30-day extension (from September 8 to October 8, 2025) to respond to Mr. Ickes's first amended complaint. *See* Docket No. 27 (stipulation and order). Mr. Ickes argued that UC Law procured the stipulation by fraud, that the extension gave UC Law an unfair advantage, and that the Court should therefore set aside its order approving the stipulated extension and deem UC Law's response to the FAC (a motion to dismiss set for hearing in mid-December) untimely.

In his reply brief, Mr. Ickes has altered his request for relief. He now asks that all filings on or after August 13, 2025, be stricken from the record because the undersigned should be recused and, had Mr. Ickes known of the grounds for recusal at the time of the TRO, he would have litigated differently. According to Mr. Ickes, he would not have filed an amended complaint and moved for a preliminary injunction but rather would have moved for a recusal and a transfer

of the case to the Oakland Division.[1]

In a separate order, the Court has denied Mr. Ickes's motion for recusal and motion for an intravenue transfer. The Court therefore focuses on the relief sought as stated in Mr. Ickes's opening brief. This request for relief is denied because, even assuming UC Law was not fully candid with Mr. Ickes or could have been more forthcoming,[2] the integrity of the judicial process has not been impugned. Furthermore, Mr. Ickes has failed to show how UC Law gained an unfair advantage or how Mr. Ickes has otherwise been prejudiced because UC Law obtained a 30-day extension to respond to Mr. Ickes's operative complaint. Indeed, Mr. Ickes has already gotten a preview on the merits of his case based on (1) the Court's ruling on his motion for a TRO and then (2) the Court's ruling on his motion for a preliminary injunction.

At bottom, absent good cause, it is a common courtesy to give the opposing side an extension. And even if Mr. Ickes had refused to extend this courtesy, UC Law could still have

---

[1] Although Mr. Ickes maintains that he would not have filed his amended complaint, he also indicates that he would file another amended complaint if all filings on or after August 13, 2025, are stricken from the record. *See* Reply at 14. While not entirely clear, it appears Mr. Ickes wants to file an amended complaint to change his theory of the case once again. The operative complaint asserts the theory that UC Law failed to accommodate his disability. *See, e.g.*, FAC ¶ 122 ("UC Law failed to provide effective communication and reasonable accommodations to a student with Tourette Syndrome and comorbidities who experiences, for example, cognitive flexibility impairment and executive functioning challenges with adapting to new or unusual situations because of his disability . . . ."). Mr. Ickes now claims that it is a "red herring" to focus on failure to accommodate because his actual argument is as follows:

> Without ever having any accommodations, Plaintiff would not have been disqualified from UC Law on May 20, 2025, as Plaintiff currently has a GPA above the threshold required of other students which he has upheld without accommodations. His exclusion was the sole result of UC Law's denial of equal access to the standard Evidence course, and Plaintiff repeatedly complained to UC Law staff, such as Law and Process Professor Laurie Zimet and Law and Process Professor Tori Timmons about the same.

Reply at 3 (emphasis omitted). Mr. Ickes omits that he did not take the "standard" Evidence course – and instead took the Law and Process Evidence course – because his GPA had fallen below the minimum requirement, and, as a condition of readmission, UC Law put in place additional academic requirements.

[2] To be clear, the Court does not find that there was any fraud on the part of UC Law. Indeed, as UC Law notes, the face of the "negotiated extension was not contingent on UC Law SF's provision of any . . . letter," Opp'n at 1, and communications between the parties indicated that UC Law was contemplating motion practice.

2

1 sought an extension from the Court, which the Court likely would have granted given the brevity
2 of the extension sought and the lack of any prejudice to Mr. Ickes. Notably, nothing precludes Mr.
3 Ickes from challenging UC Law's motion to dismiss on the merits.
4     This order disposes of Docket No. 48.

6 **IT IS SO ORDERED**.

8 Dated: December 7, 2025

_____
EDWARD M. CHEN
United States District Judge